WEIMER, J.,
concurring.
| jWhile I agree with the result in this case, I write separately to express my views as to why La.C.Cr.P. art. 533 does not confer standing upon the defendant to challenge the constitutionality of La. C.Cr.P. art. 404(B).
Central to the defendant’s standing argument is whether La.C.Cr.P. art. 404(B) impacts “[t]he manner of selection of the general venire, the grand jury venire, or the grand jury.” La.C.Cr.P. art. 533(1). However, a review of the defendant’s complaint reveals that his attack on La.C.Cr.P. art. 404(B) is aimed, not at the “manner of selection” of the general venire, but at who is tasked with making the selection. The defendant complains that La.C.Cr.P. art. 404(B), which provides that the function of the jury commission in East Baton Rouge Parish be performed by the judicial administrator of the Nineteenth Judicial District Court, is a prohibited special or local law. Ultimately, then, the defendant’s complaint is not with the manner in which selection of the jury venire is made, but with who makes that selection. The alleged infirmity in La.C.Cr.P. art. 404(B) does not affect the manner or procedures for selecting *782 jury venires, only the person or entity performing the selection. Therefore, no standing to bring this complaint is conferred on the defendant under the express provisions of La.C.Cr.P. art. 533.
|2The wording of La.C.Cr.P. art. 533 is clear and unambiguous. It speaks solely to the illegality of the “manner of selection” of the general venire, the grand jury venire, or the grand jury. In Louisiana, it is presumed that every word, sentence or provision in a law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were employed. Sultana Corporation v. Jewelers Mutual Insurance Company, 03-0360, p. 9 (La.12/3/03), 860 So.2d 1112, 1119. In this case, there has been no showing by defendant that the manner of selection of the jury venire in East Baton Rouge Parish, ie., the methodology used, differs from that in any other parish. In the absence of such a showing, there is no standing conferred under La.C.Cr.P. art. 533.